UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY

KEDRICK JENIFER, :
:
    Petitioner, :    Civ. No. 17-13584 (RBK)
:
v. :
:
WARDEN FCI FORT DIX, :    **OPINION**
:
    Respondent. :
:

**ROBERT B. KUGLER, U.S.D.J.**

## I.    INTRODUCTION

Petitioner Kedrick Jenifer ("Petitioner") is a federal prisoner currently incarcerated at FCI Fort Dix, in Fort Dix, New Jersey. He is proceeding *pro se* with a petition for writ of habeas corpus pursuant to 28 U.S.C. § 2241. Petitioner seeks to void his sentence, entered by the United States District Court, District of Maryland on March 4, 2016. For the following reasons, this Court lacks jurisdiction over Petitioner's claims and will transfer the matter to the sentencing court.

## II.    BACKGROUND

On October 20, 2015, Petitioner pled guilty to conspiracy to distribute and possess with intent to distribute cocaine, in violation of 21 U.S.C. § 846, in the United States District Court for the District of Maryland. (*See* ECF No. 1 at p. 13). Petitioner received a sentence of 240 months imprisonment on March 4, 2016. (*See id.*). On December 21, 2017, Petitioner filed a petition for writ of habeas corpus pursuant to 28 U.S.C. § 2241 in this Court seeking to vacate his sentence on the sole ground that his conviction enhancement under 21 U.S.C. § 851 is null void. (*See id.* at p. 6).

## III. DISCUSSION

"Motions pursuant to 28 U.S.C. § 2255 are the presumptive means by which federal prisoners can challenge their convictions or sentences that are allegedly in violation of the Constitution." *Okereke v. U.S.*, 307 F.3d 117, 120 (3d Cir. 2002) (citing *Davis v. United States*, 417 U.S. 333, 343 (1974)). "[T]he 'safety valve' clause of § 2255 allows a petitioner to seek a writ of habeas corpus under § 2241 in the 'rare case' in which a § 2255 motion would be 'inadequate or ineffective to test the legality of his detention.'" *Jackman v. Shartle*, 535 F. App'x 87, 89 (3d Cir. 2013) (citing 28 U.S.C. § 2255(e); *In re Dorsainvil*, 119 F.3d 245, 249-50 (3d Cir. 1997)).

The Third Circuit has applied the safety valve "where a petitioner 'is being detained for conduct that has subsequently been rendered non-criminal by an intervening Supreme Court decision,' and where the petitioner is otherwise barred from filing a second or successive § 2255 petition." *Id.* (quoting *In re Dorsainvil*, 119 F.3d at 252). The *Dorsainvil* exception does not apply to a petitioner's claim that he is innocent of a sentencing enhancement due to an intervening change in the law. *See Selby v. Scism*, 453 F. App'x 266, 268 (3d Cir. 2011).

Petitioner's sole ground for relief is that he is innocent of his sentencing enhancement under 21 U.S.C. § 851. (*See* ECF No. 1 at pp. 21-25). Such a claim must be brought in the sentencing court under 28 U.S.C. § 2255. It does not appear that Petitioner has brought a motion under 28 U.S.C. § 2255 in the sentencing court. 28 U.S.C. § 1631 provides:

> Whenever a civil action is filed in a court ... and that court finds that there is a want of jurisdiction, the court shall, if it is in the interest of justice, transfer such action ... to any other such court in which the action ... could have been brought at the time it was filed ...

Although Petitioner may be barred by the statute of limitations, in the interest of justice, this Court will transfer the case to the sentencing court to make that determination.

## V. CONCLUSION

This Court lacks jurisdiction over Petitioner's claims under 28 U.S.C. § 2241. The Court will direct the Clerk to transfer this case to the United States District Court, District of Maryland, pursuant to 28 U.S.C. § 1631. An appropriate Order follows.

DATED: April 11, 2018

s/Robert B. Kugler
ROBERT B. KUGLER
United States District Judge